UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELSTON T CASTILLO,<br><br>             Petitioner,<br><br>       v.<br><br>UNITED STATES OF AMERICA.<br><br>             Respondent. | CASE NO. 3:15-CV-05852-RBL-JRC<br><br>ORDER TO SHOW CAUSE |

Petitioner Elston T Castillo has filed a petition for writ of error *coram nobis* under the "All Writs Act," 28 U.S.C. 1651(a) to challenge his 1997 conviction of unlawful use of a fortified building. Dkt. 4. Petitioner argues that his guilty plea was involuntary and that he was not afforded effective assistance of counsel. *Id.* at 5-6. Petitioner asserts that this Court has jurisdiction to consider the instant petition. *See id.*

However, "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments. A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana,* 679 F.2d 513, 514 (5th Cir. 1982) (per curiam); *Madigan v. Wells,* 224 F.2d 577, 578 n. 2 (9th Cir.1955), *cert.*

*denied,* 351 U.S. 911 (1956) (*citing* 28 U.S.C. § 1651(a); *United States v. Morgan*, 346 U.S. 502, 506 (1954) ( "the writ [of *coram nobis*] can only issue, if at all, only in aid of the jurisdiction of the [ ] court which the conviction was had."); *See Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2d Cir. 2006) (collecting cases). *See also*, *United States v. Tucor International, Inc.*, 35 F.Supp.2d 1172, 1177 (N.D. Cal. 1998) ("[d]istrict courts are therefore authorized to issue the writ in federal criminal matters pursuant to the All Writs Act, 28 U.S.C. § 1651(a), [citation omitted] but may not entertain a petition for the writ with respect to challenges to state convictions"); *Martinez v. Lockyer,* 453 F. Supp. 2d 1150, 1152 (C.D. Cal. 2006) (same).

It is unclear whether petitioner's 1997 conviction was in state or federal court. *See* Dkt. 4. However, the Court notes that according to the state court record in petitioner's previous 28 U.S.C. § 2241 petition, petitioner pled guilty in superior court in Pierce County, Washington, to one count of unlawful use of a fortified building in order to deliver controlled substance. *See Castillo v. ICE Field Office Dir.,* 907 F. Supp. 2d 1235, 1236-37 (W.D. Wash. 2012). If petitioner is challenging his 1997 state court conviction, the Court lacks jurisdiction because a writ of *coram nobis* is not available in federal court to attack the judgment of a state court.

Petitioner is ordered to show cause no later than **February 4, 2016**, why his writ of *coram nobis* should not be dismissed for lack of subject matter jurisdiction. Failure to show cause will result in a recommendation that this matter be dismissed.

Dated this 4th day of January, 2016.

J. Richard Creatura
United States Magistrate Judge