1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

ELSTON T. CASTILLO

10                                Petitioner,

11          v.

12    UNITED STATES OF AMERICA,

13                                Respondent.

Case No. 3:15-CV-05852-RBL-JRC

**REPORT AND RECOMMENDATION**

**NOTED FOR:  MARCH 11, 2016**

14

15          This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28

U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

16          Currently before the Court is petitioner's petition for writ of error *coram norbis.* Dkt. 4.

17   The Court recommends dismissal of this action because petitioner has failed to respond to the

18   Court's order.

19                                **DISCUSSION**

20          Petitioner Elston T. Castillo has filed a petition for writ of error *coram nobis* under the

21   "All Writs Act," 28 U.S.C. 1651(a) to challenge his 1997 conviction of unlawful use of a

22   fortified building. Dkt. 4. Petitioner argues that his guilty plea was involuntary and that he was

23   not afforded effective assistance of counsel. *Id.* at 5-6.

REPORT AND RECOMMENDATION- 1

Based on the petition, it was unclear whether petitioner's 1997 conviction was in state or federal court and the Court ordered petitioner to show cause by February 4, 2016 why his writ of *coram nobis* should not be dismissed for lack of subject matter jurisdiction. Dkt. 5 at 1-2 ("[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments. A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana,* 679 F.2d 513, 514 (5th Cir. 1982) (per curiam); *Madigan v. Wells,* 224 F.2d 577, 578 n. 2 (9th Cir.1955), *cert. denied,* 351 U.S. 911 (1956) (*citing* 28 U.S.C.§1651(a)). Petitioner has not filed a response.

A district court has authority to dismiss a plaintiff's action because of failure to prosecute or because of failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–30, (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

Here, petitioner failed to take action after the Court ordered him to show cause by February 4, 2016. *See* Dkt. 5. Petitioner was warned that failure to show cause would result in a recommendation that this matter be dismissed. *See id.* at 2. The Court recommends dismissal of this action for failure to prosecute.

Pursuant to 28 U.S.C.§636(b)(1) and Fed. R. Civ. P. 72(b), petitioner shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C.§636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

REPORT AND RECOMMENDATION- 2

1    Civ. P. 72(b), the clerk is directed to set the matter for consideration on **March 11, 2016**, as

2    noted in the caption.

3           DATED this 12th day of February, 2016.

4

5                                              _____
                                               J. Richard Creatura
6                                              United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION- 3